

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,849-01

### EX PARTE ENRIQUE GONZALEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12-CRD-36-A IN THE 229TH DISTRICT COURT
### FROM DUVAL COUNTY

*Per curiam*.  Newell and Keel, JJ. dissent.

### O R D E R

Applicant was convicted of indecency with a child and sentenced to automatic life imprisonment.  The Fourth Court of Appeals affirmed his conviction.  *Gonzalez v. State*, No. 04-13-00708-CR (Tex. App.—San Antonio Dec. 12, 2014)(not designated for publication).  Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court.  *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective by misadvising him about the applicable sentence and community supervision eligibility.  He alleges that he would have accepted the offered plea bargain had he been given competent advice.  Based on the record, following a live hearing, the trial court has determined that counsel was ineffective and Applicant would have accepted the plea

deal had counsel properly informed him that he was facing a mandatory life sentence and was not eligible for community supervision.

However, Applicant waited over four and a half years before presenting this claim to the trial court. After review of the entire record, this Court finds that Applicant is barred from obtaining relief under the doctrine of laches. *Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014). We deny relief.

Filed:       April 1, 2020
Do not publish